UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAREGAMA INDIA, LTD, <br> Plaintiff, <br> v. <br> SUBRAMANIAN AIYER, et al., <br> Defendants. | Case No. 23-mc-80172-VC <br><br> **ORDER DENYING MOTION FOR MISCELLANEOUS RELIEF** <br><br> Re: Dkt. No. 17 |

Saregama India seeks an order charging Bharath Aiyer's alleged partnership interest in McKinsey & Company to satisfy a prior judgment entered against the defendant. The request is denied.

Under California law, when there is a money judgment "against a partner or member but not against the partnership or limited liability company," a charging order may be issued against the partner's or member's interest. Cal. Civ. Code § 708.310; *see also Textron Financial Corp. v. Gallegos*, No. 15CV1678-LAB (DHB), 2015 WL 11658718, at *1 (S.D. Cal. Oct. 7, 2015). But issuing such an order "requires 'substantial evidence' that the debtor is a partner or member of the entity." *Textron Financial*, 2015 WL 11658718, at *2.

Here, Saregama India has not made this showing. First, it has not demonstrated that McKinsey & Company is organized as a partnership. The only evidence presented is a New York Times article which suggests McKinsey is structured as a partnership. Second, even if McKinsey is a partnership, Saregama India has not provided "substantial evidence" that Aiyer is a partner, such that Section 708.310 would apply. The only evidence Saregama India offers is a webpage for a symposium that lists Aiyer's job title as partner and Aiyer's LinkedIn page which identifies

him as a partner. This does not constitute "substantial evidence."

Because Saregama India has failed to meet its evidentiary burden, its request is denied, and the case is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: November 29, 2023

_____
VINCE CHHABRIA
United States District Judge